# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| CHARLES EVANS, III, <br><br> Plaintiff, <br><br> vs. <br><br> LINDA H., <br><br> Defendant. | No. C13-01044-LRR <br><br> ORDER |

## I. INTRODUCTION

This matter is before the court following transfer from the United States District Court for the Southern District of Iowa. Such transfer occurred on December 20, 2013. The clerk's office filed the plaintiff's case in this district on December 30, 2013. Prior to the plaintiff's case being transferred or on November 29, 2013, the plaintiff submitted an application to proceed in forma pauperis (docket no. 2), which the United States District Court for the Southern District of Iowa provisionally granted, and a complaint pursuant to 42 U.S.C. § 1983 (docket no. 1).

## II. IN FORMA PAUPERIS UNDER 28 U.S.C. § 1915

A court may permit a party to proceed with litigation in forma pauperis, that is, "without prepayment of fees or security therefor," if the party submits an affidavit that shows the inability "to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). When ruling on a 28 U.S.C. § 1915(a)(1) application, three general principles apply. First, proceeding in forma pauperis in a civil case is a privilege or favor granted by the government. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198 (1993). Second, the statute reads that the court "may authorize the commencement" of an action. 28 U.S.C. § 1915(a)(1). The grant, denial or other

decision concerning an in forma pauperis application requires the court to exercise discretion. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000) (explaining the purpose of 28 U.S.C. § 1915 and stating the decision of whether to grant or deny in forma pauperis status under 28 U.S.C. § 1915 is discretionary). Third, the ability to pay does not require that plaintiffs contribute their "last dollar" or "make themselves and their dependents wholly destitute." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The court concludes that the plaintiff's statements entitle him to in forma pauperis status. Stated differently, the court is satisfied that the plaintiff's allegation of poverty is true. *See Lee*, 231 F.3d at 458-59 (stating a court must determine whether the "allegation of poverty is untrue" when it assesses the affidavit supporting an application to proceed in forma pauperis); *see also Potnick v. Eastern State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) (concluding the requirements of 28 U.S.C. § 1915 were met because plaintiff received public assistance income of $222.00 per month, had checking account balance of less than $60.00, owned an automobile on which he owed $3600.00, and had other debts totaling $10,000.00); *cf. Marceaux v. Democratic Party*, 79 Fed. Appx. 185, 186, 2003 U.S. App. LEXIS 22312, 2003 WL 22455419 (6th Cir. 2003) (concluding the district court did not abuse its discretion when it determined plaintiff could afford to pay the filing fee without undue hardship because he has no room and board expenses, owns a car, and spends the $250.00 earned each month selling plasma on completely discretionary items). Accordingly, the plaintiff's application to proceed in forma pauperis shall be granted. *See* 28 U.S.C. § 1915.

Although it agrees that the granting of in forma pauperis status is appropriate in this case, the court finds that requiring the plaintiff to submit partial payments or installment payments of the filing fee is permissible and desirable.

> The ordering of a partial payment or an installment payment for court fees fits within the [language of 28 U.S.C. § 1915. Subsection (a) of 28 U.S.C. § 1915] does not say that upon

> granting in forma pauper status, court fees need not be paid or that they are remitted or otherwise waived. Instead, [subsection (a)] merely authorizes commencement 'without prepayment' if the applicant 'is unable to pay such fees.' This conveys the sense that the court may authorize the filing of an action without prepayment and look to cash flow and assets in order to secure post-payment.[1]

*White ex rel. Diggs v. Barnhart*, 2002 U.S. Dist. LEXIS 14528, *5, 2002 WL 1760980 (M.D. N.C. 2002). Because it is evident that the plaintiff is able to make partial payments, the court deems it appropriate to collect partial payments or installment payments of the filing fee.

The court finds that the initial partial filing fee is $10.00. *Cf.* 28 U.S.C. § 1915(b)(1) (authorizing 20 percent of average monthly deposits to be collected). The plaintiff shall be directed to submit an initial partial filing of $10.00 by no later than May 7, 2014. *Id.*; *see also* Fed. R. Civ. P. 41(b) (permitting dismissal where a plaintiff either fails to prosecute or fails to respond to an order of the court); *Hutchins v. A.G. Edwards & Sons*, 116 F.3d 1256, 1259-60 (8th Cir. 1997) (explaining court's power to dismiss an action); *Edgington v. Missouri Dept. of Corrections*, 52 F.3d 777, 779-80 (8th Cir. 1995) (same), *abrogated on other grounds by Doe v. Cassel*, 403 F.3d 986, 989 (8th Cir. 2005); *In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997) (ordering petition to be dismissed with

---

[1] Prior to the enactment of the [PLRA], courts had, in large part, determined that they had the discretion to require partial payment of the filing fees by prisoners. *Byran v. Johnson*, 821 F.2d 455 (7th Cir. 1987) (collecting cases). Partial payment was said to help ensure that prisoners had an economic incentive to police their own actions, just as the non-imprisoned public must do. This rationale applies to all members of the public, in all their diverse economic situations. . . . With the enactment of the [PLRA], Congress now requires partial payment of the filing fees by prisoners and has established a uniform collection methodology for both prepayment and post–payment of the fees. *See* 28 U.S.C. § 1915(b). There has been some thought that, if not constitutional law, then at least elementary fairness requires that all parties applying for [in forma pauperis] status be subject to possible partial payment of the filing fees, and not just prisoners. *See Byran*, 821 F.2d at 459 . . . .

prejudice if petitioner did not pay filing fee within fifteen days and clarifying that, even if the petition is dismissed, petitioner would still be assessed the filing fee because 28 U.S.C. § 1915 makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal). If necessary, the plaintiff may request in a written motion an extension of time to pay the initial partial filing fee. Additionally, after he submits the initial partial filing fee, the plaintiff shall be directed to submit monthly payments of $20.00 until the $350.00 filing fee is paid. *Cf.* 28 U.S.C. § 1915(b)(2) (authorizing 20 percent of monthly income to be collected). If necessary, the plaintiff may ask the court to modify either the initial partial filing fee or the monthly payments.

### III. STANDARD OF REVIEW

A pro se complaint must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994). In addition, unless the facts alleged are clearly baseless, they must be weighed in favor of the plaintiff. *Denton*, 504 U.S. at 32-33. A court, however, can dismiss at any time a complaint filed in forma pauperis if the complaint is frivolous, malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b)(1). A claim is "frivolous" if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *accord Cokeley v. Endell*, 27 F.3d 331, 332 (8th Cir. 1994). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Accordingly, a court may review the complaint and dismiss sua sponte those claims that fail "'to raise a right to relief above the speculative level . . .'", *see Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) (quoting *Bell Atl.*, 550 U.S. at 555), or that are premised on meritless legal theories or clearly lack any factual basis, *see Neitzke*, 490 U.S. at 325. *See, e.g., Denton*, 504 U.S. at 27 (considering frivolousness); *Myers v. Vogal*,

960 F.2d 750, 751 (8th Cir. 1992) (concluding that a district court may dismiss an action if an affirmative defense exists).

## IV. ANALYSIS

### A. Claims Under 42 U.S.C. § 1983

Title 42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978). However, 42 U.S.C. § 1983 provides no substantive rights. *Albright v. Oliver*, 510 U.S. 266, 271 (1994); *Graham v. Conner*, 490 U.S. 386, 393-94 (1989); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979). "One cannot go into court and claim a 'violation of [42 U.S.C.] § 1983' — for [42 U.S.C.] § 1983 by itself does not protect anyone against anything." *Chapman*, 441 U.S. at 617. Rather, 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright*, 510 U.S. at 271 (42 U.S.C. § 1983 "merely provides a method for vindicating federal rights elsewhere conferred."); *Graham*, 490 U.S. at 393-94 (same); *Maine v. Thiboutot*, 448 U.S. 1, 4 (1980) ("Constitution and laws" means 42 U.S.C. § 1983 provides remedies for violations of rights created by federal statute, as well as those created by the Constitution.). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) the

alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## B. *Plaintiff's Claim*

The plaintiff contends that: (1) he wanted to be granted visitation with his son, who was born on March 23, 1999; (2) he has a case in the Iowa District Court for Dubuque County; (3) he submitted a motion wherein he moved the Iowa District Court for Dubuque County to act; (4) the defendant refused to file such motion; and (5) the defendant feigned that she did not know the true nature of such motion, that is, it pertained to his request for visitation. An exhibit that the plaintiff attached to his complaint purports to be the motion that he submitted to the Iowa District Court for Dubuque County. Such exhibit names "Charle[s] Evans, III" and "State of Iowa" as the parties; lists "DU1138836" as the case number;[2] states the following: "Charles Evans moves the court for disposition on the merits showing that this case was filed 3 yrs ago"; is dated July 28, 2013; and indicates the Iowa Attorney General was served. Another exhibit that the plaintiff attached to his complaint indicates that the clerk of the Iowa District Court for Dubuque County through the defendant wrote to the plaintiff regarding his filing. The standard form that the defendant completed on July 31, 2013 and sent to the plaintiff indicates the following: (1) the plaintiff's motion was not filed and was being returned because, when it was submitted, it did not include the case number; (2) the plaintiff could check the website, iowacourts.gov, to locate a non-confidential case number; (3) if the document was eligible

---

[2] Iowa state court criminal and civil records may be accessed online: http://www.iowacourts.gov/For_the_Public/Court_Services/Docket_Records_Search/index.asp. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (addressing court's ability to take judicial notice of public records). A search for cases involving Charles Henry Evans, III, does not appear to indicate that "DU1138836" is a valid case number. However, in *IV-D State ex rel v. Evans*, Case No. USUS091873 (Dubuque Cnty. Dist. Ct. 2000), child support and visitation have been at issue. Indeed, on August 22, 2011, Charles Henry Evans, III filed a motion for visitation and Judge Monica L. Ackley decided to take no action on such motion on September 14, 2011.

to be filed and the plaintiff continued to wish it to be filed, he should make the correction and resubmit it; and (4) if the plaintiff had questions, he should contact the clerk's office at the address or phone number listed. As relief, the plaintiff seeks declaratory relief, injunctive relief, compensatory damages in the amount of $100,000,000.00 and whatever else the court deems just.

Given the facts that are alleged in the complaint and the exhibits that the plaintiff attached to his complaint, the court concludes that the plaintiff's assertions fail as a matter of law. On this record, there is absolutely no basis to conclude that the plaintiff suffered any injury as a result of the defendant's discretionary actions as a judicial clerk. *See Maness v. Dist. Court*, 495 F.3d 943, 944-45 (8th Cir. 2007). Moreover, nothing the defendant did impacted the commencement or resolution of the plaintiff's motion in the Iowa District Court for Dubuque County. *Id*. The defendant is entitled to immunity because it is evident that she made a decision in an effort to assist the plaintiff, that is, merely sought additional information so that she could file the plaintiff's motion in the correct case. *Id*. In light of the foregoing, the plaintiff's complaint shall be dismissed as frivolous, for failing to state a claim upon which relief can be granted or for seeking monetary relief against a defendant who is immune from such relief.

**IT IS THEREFORE ORDERED**:

1) The plaintiff's application to proceed in forma pauperis (docket no. 2) is granted. The plaintiff is directed to submit an initial partial filing of $10.00 by no later than May 7, 2014. If necessary, the plaintiff may request in a written motion an extension of time to pay the initial partial filing fee. Additionally, after he submits the initial filing fee, the plaintiff is directed to submit monthly payments of $20.00 until the $350.00 filing fee is paid. If necessary, the plaintiff may ask the court to modify either the initial partial filing fee or the monthly payments.

2) The plaintiff's action is dismissed as frivolous, for failing to state a claim upon which relief can be granted or for seeking monetary relief against a defendant who is immune from such relief.

**DATED** this 8th day of April, 2014.

*[signature]*
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA